TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00220-CR






Michael Anthony Cardiel, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 63863, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 In 2009, appellant Michael Anthony Cardiel pled nolo contendere to robbery under a
plea agreement and was placed on deferred adjudication for five years. In 2011, the State filed a motion
to adjudicate Cardiel's guilt, alleging numerous violations of his deferred-adjudication conditions,
including possession of a handgun and marihuana, failure to report to his community supervision officer
or complete his community-service hours, and failure to pay his fines and court costs. (1) Cardiel pled
"not true" to the allegations, and following a hearing at which several police officers and Cardiel's
community supervision officer testified, the trial court found the allegations to be true, adjudicated
his guilt, and sentenced him to six years imprisonment. Cardiel's appointed attorney has filed a brief
concluding that the appeal is frivolous and without merit.

 Counsel's brief meets the requirements of Anders v. California, 386 U.S. 738, 743-44
(1967), by presenting a professional evaluation of the record and demonstrating that there are
no arguable grounds to be advanced. See Penson v. Ohio, 488 U.S. 75, 80 (1988); Anders, 386 U.S. at
743-44; High v. State, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d
684, 684 (Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).
Cardiel's attorney sent appellant a copy of the brief and advised him that he had the right to examine
the record and file a pro se brief. See Anders, 386 U.S. at 744; Jackson v. State, 485 S.W.2d 553, 553
(Tex. Crim. App. 1972). No pro se brief has been filed.

 Having reviewed the evidence presented at the adjudication hearing and the procedures
that were observed at the hearing and the earlier plea proceeding, we find nothing in the record that
might arguably support the appeal. We agree with counsel that the appeal is frivolous and without
merit. We grant counsel's motion to withdraw and affirm the judgment of conviction. (2)




 __________________________________________

 David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed: June 7, 2012

Do Not Publish
1. The gun and marihuana were found in Cardiel's car during an inventory search after the
police stopped Cardiel based on a report that the car was stolen. It appears from the record that the
car was not stolen after all, and it is unclear how the car came to be reported stolen, but officers who
were involved in the stop testified that they had information that the car was stolen when they made
the stop, and the fact that the report was apparently mistaken does not render the stop or Cardiel's
arrest invalid. See Brown v. State, 986 S.W.2d 50, 53 (Tex. App.--Dallas 1999, no pet.) ("it is well
established an arrest is not invalid merely because an officer relies on reasonably trustworthy
information which later proves to be erroneous").
2. No substitute counsel will be appointed. Should Cardiel wish to seek further review of his
case by the court of criminal appeals, he must either retain an attorney to file a petition for
discretionary review or file a pro se petition for discretionary review. See generally Tex. R. App.
P. 68-79 (governing proceedings in court of criminal appeals). A petition for discretionary review
must be filed within thirty days from the date of this opinion or the date this Court overrules the last
timely motion for rehearing. See Tex. R. App. P. 68.2. The petition must be filed with this Court,
after which it will be forwarded to the court of criminal appeals along with the rest of the filings in
the cause. See Tex. R. App. P. 68.3, 68.7. Any petition for discretionary review should comply with
rules 68.4 and 68.5 of the rules of appellate procedure. See Tex. R. App. P. 68.4, 68.5.